# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and ARTHUR H. BUNTE, JR., as Trustee, <br><br> Plaintiffs, <br><br> v. <br><br> PORT HURON BUILDING SUPPLY CO., <br><br> Defendants | No. 15 C 2559 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

Believing that Port Huron Building Supply ("Port Huron") had effected a partial withdrawal from the Central States, Southeast and Southwest Areas Pension Fund (the "Fund") and defaulted on its withdrawal liability payments, the Fund and a Fund trustee, Arthur Bunte (collectively "Plaintiffs"), filed this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, *et seq*, to collect Port Huron's withdrawal liability. Plaintiffs move for summary judgment arguing that the undisputed facts show that they are entitled to judgment as a matter of law. Doc. 21. Because the Court agrees, it grants Plaintiffs' motion and enters judgment against Port Huron.

## BACKGROUND[1]

The Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3). Port Huron was subject to collective bargaining agreements due to some of its employees' union status. Those agreements required Port Huron to contribute to the Fund on

---

[1] The facts in this section are derived from the Joint Statement of Undisputed Material Facts and the attached exhibits. *See* Doc. 23. All facts are taken in the light most favorable to Port Huron, the non-movant.

behalf of the union employees. From 2000 through 2013, Port Huron reported the union employees' work history and paid corresponding contributions to the Fund. Due to a decrease in Port Huron's contributions to the Fund, the Fund determined that Port Huron effected a partial withdrawal as of December 31, 2012, and incurred withdrawal liability in the amount of $2,114,166.93.

On May 21, 2014, Port Huron received the Fund's notice and demand for payment of its withdrawal liability, issued pursuant to 29 U.S.C. §§ 1382(2) and 1399(b)(1). On August 18, 2014, Port Huron submitted a review request to the Fund, pursuant to 29 U.S.C. § 1399(b)(2)(A), disputing the Fund's determination of its withdrawal liability. On September 11, 2014, Port Huron received a notice from the Fund advising Port Huron that its withdrawal liability payments were past due. To date, Port Huron has not made any withdrawal liability payments, nor has it initiated arbitration to dispute its alleged withdrawal liability.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a

bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

"The MPPAA protects employees in multiemployer pensions plans by requiring employers who withdraw from such plans to pay their share of 'unfunded vested benefits.'" *Chicago Truck Drivers v. El Paso Co.*, 525 F.3d 591, 595 (7th Cir. 2008) (quoting 29 U.S.C. § 1381(b)(1)). This is known as 'withdrawal liability,' and can result from either a partial or complete withdrawal. 29 U.S.C. § 1399(b). Once a fund has determined that an employer has effected a withdrawal, it must notify the employer of its withdrawal liability, set a schedule for liability payments, and demand payment. *Id.* § 1399(b)(1); *Chicago Truck Drivers*, 525 F.3d at 595. After receiving the fund's notice and demand, the employer may request a review of the fund's determination of its withdrawal liability. 29 U.S.C. § 1399(b)(2). The fund must then notify the employer of the fund's decision, the basis for its decision, and "the reason for any change in the determination of the employer's liability or schedule of liability payments." *Id.* § 1399(b)(2)(B).

"If the employer wishes to dispute a plan['s] [] assessment of withdrawal liability, it must" do so through arbitration. *Chicago Truck Drivers*, 525 F.3d at 595 (citing 29 U.S.C. § 1401(a)(1)); *see Robbins v. Chipman Trucking, Inc.*, 866 F.2d 899, 902 (7th Cir. 1988) ("Congress made it mandatory to resolve withdrawal disputes between an employer and a [fund] through arbitration[.]"). Arbitration must be initiated within 180 days of the employer receiving the fund's notice and demand or within 60 days of the employer receiving the fund's response to

3

its review request, whichever occurs first. 29 U.S.C. § 1401(a)(1). If an employer does not timely request arbitration, it waives any defenses it has to the fund's determination of withdrawal liability and "the assessment becomes due and owing on the schedule set forth by the [fund]." *Chicago Truck Drivers*, 525 F.3d at 595 (quoting 29 U.S.C. § 1401(b)(1)) (internal quotation marks omitted); *see Chipman Trucking*, 866 F.2d at 902.

To collect the assessment, a fund may file a withdrawal liability collection action in federal district court. To prevail on a such a claim, a fund "must show that: (1) [it] was a multiemployer pension plan and the Defendants were an employer for the purposes of ERISA, (2) [it] notified the Defendants of their assessed liability, and (3) Defendants failed to timely initiate arbitration." *Chicago Truck Drivers*, 525 F.3d at 597 (quoting *Chicago Truck Drivers, Helpers & Warehouse Works Union (Indep.) Pension Fund v. El Paso CGP Co.*, No. 04 C 7872, 2006 WL 1037152, at *4 (N.D. Ill. Apr. 17, 2006)) (internal quotation marks omitted). The Fund argues that the undisputed facts establish each of these three elements and it is thus entitled to judgment as a matter of law on its withdrawal liability claim. The Court agrees.

It is undisputed that the Fund is a multiemployer pension plan and that Port Huron is an employer under ERISA. Doc. 23 ¶ 1; *see* Doc. 24 at 4–5. It is also undisputed that on "May 20, 2014, Port Huron received a notice and demand for payment of [its] withdrawal liability that the Fund issued in accordance with…§ 1399(b)(1)." Doc. 23 ¶ 11. Finally, it is undisputed that to date, Port Huron has neither initiated arbitration to resolve its disputed withdrawal liability, nor made any withdrawal liability payment to the Fund. *Id.* ¶¶ 14–15. Nevertheless, Port Huron argues that the Fund is not entitled to summary judgment because it did not receive a proper notice and demand of its alleged withdrawal liability and because the time to initiate arbitration should be equitably tolled. The Court addresses each argument in turn.

4

## I. Notice and Demand

Port Huron argues that the Fund's May 20, 2014 letter was not a proper notice and demand because it was "erroneous and confusing." Doc. 24 at 4. In making this argument, Port Huron highlights the first sentence of the Fund's letter, which states that Port Huron incurred withdrawal liability "as a result of a permanent cessation of contributions to [the Fund]," Doc. 23, Ex. 3, implying that the Fund determined that Port Huron had effected a complete withdrawal. Port Huron argues that this statement was false because it had not stopped making payments to the Fund and was confusing because the letter went on to describe the Fund's determination that Port Huron had effected a 70% partial withdrawal, not a complete withdrawal.

The Court acknowledges that the Fund's May 20, 2014 letter was internally inconsistent in that it charged Port Huron with a complete withdrawal in its first sentence, but then went on to explain its determination that Port Huron had incurred partial withdrawal liability. This slight inconsistency, however, did not render the notice void. For a notice and demand to be effective, i.e., to trigger the duty to initiate arbitration, it "must include the amount of the liability, a schedule of payments and a demand for payment." *Chicago Truck Drivers*, 525 F.3d at 598 (citing 29 U.S.C. § 1399(b)(1)). The Fund's May 20, 2014 letter did all three things. It provided the liability amount – $2,114,116.93. Doc. 23, Ex. 3. It provided a schedule of payments – either payment in full by June 1, 2014, or monthly payments of $10,436.01 beginning on June 1, 2014 and ending on May 1, 2034. *Id*. And finally, it demanded payment. *Id*. ("This is a demand for payment[.]"). The fact that Port Huron's withdrawal was mistakenly characterized as a complete withdrawal in one portion of the letter does not render the notice and demand invalid. Port Huron does not provide authority requiring the Court to find otherwise.

Indeed, Port Huron's August 14, 2014 letter to the Fund requesting a review of its withdrawal liability indicates that it understood the Fund's May 20, 2014 letter to be a proper notice and demand for withdrawal liability. Port Huron's letter states "[t]he purpose of my letter is to contest *the notice of withdrawal liability* as set forth in your letter dated May 20, 2014, in the amount of $2,114,116.93." Doc. 24, Ex. 1 (emphasis added). It is undisputed that Port Huron sent this letter pursuant to 29 U.S.C. § 1399(b)(2)(A), which provides employers the right to request a review of a fund's determination of withdrawal liability; a review that is only permitted after an employer has received a notice and demand of withdrawal liability pursuant to 29 U.S.C. § 1399(b)(1). Doc. 23 ¶ 13. Port Huron concedes this fact in its response memorandum: "Section 1399(b)(2)(A) expressly provides that the employer may request a review *relating to the determination of liability* [and] identify any inaccuracy in the *notification of withdrawal liability*[.]" Doc. 24 at 8 (emphasis added). Port Huron cannot now argue that the Fund's May 20, 2014 letter was an improper notice and demand of withdrawal liability.

## II.     Equitable Tolling

Port Huron also argues that summary judgment should be denied because although it has yet to initiate arbitration, the time for doing so should be equitably tolled. Port Huron argues that equitable tolling is warranted in this case for two reasons. First, Port Huron argues that because the Fund's May 20, 2014 letter was erroneous and confusing, it did not trigger Port Huron's duty to initiate arbitration. But as the Court previously explained, it does not find that the Fund's May 20, 2014 notice and demand was so unclear as to render it ineffective. And Port Huron's request for review demonstrates its awareness of its statutory rights and obligations under the MPPAA. The Court therefore finds this to be an insufficient basis to toll the time period to initiate arbitration.

6

Second, Port Huron argues that the time to initiate arbitration should be tolled because the Fund ignored its legal responsibility under 29 U.S.C. § 1399(b)(2)(A) to respond to Port Huron's request for a review of its withdrawal liability determination. But the Seventh Circuit has held that a pension fund's failure to respond, or to respond timely, to an employer's request for review is not a proper basis to toll the time period for initiating arbitration. *See Cent. States, Se. and Sw. Areas Pension Fund v. Allega Concrete Corp.*, 772 F.3d 499, 501 (7th Cir. 2014) (affirming district court's ruling that fund's failure to respond to request for review does not toll the time to initiate arbitration); *see Robbins*, 866 F.2d at 901 (finding that because the pension fund responded to the employer's request for review beyond the 120 days provided in § 1401(a)(1)(B), the time period to initiate arbitration began running from the date of the employer's request). This is so because "the statutory scheme plainly contemplates th[e] possibility" that a fund will not respond to a request for review, and therefore requires an employer "to initiate arbitration within a 60-day period after the earlier of (i) 120 [days] after the request for review or (ii) the date that the response to the review request is received." *Cent. States, Se. and Sw. Areas Pension Fund v. Allega Concrete Corp.*, No. 13 C 6896, 2014 WL 2598816, at *5 (N.D. Ill. June 10, 2014) (citing 29 U.S.C. § 1401(a)(1)), *aff'd* 772 F.3d 499 (7th Cir. 2014). "[T]olling on the basis that no response to a review request is provided" is thus precluded, and Port Huron's argument for tolling the time to initiate arbitration on this basis is rejected. *Id*.

Ultimately, because the undisputed facts demonstrate the necessary elements to prevail on a withdrawal liability claim, and because Port Huron has failed to present any material facts or legal basis as to why the Fund is not entitled to summary judgment on its claim, the Court grants Plaintiffs' motion for summary judgment. If Port Huron wished to dispute the Fund's

7

assessment of withdrawal liability, it had the ability to do so by initiating arbitration. In failing to do so, Port Huron waived any defenses it had to its alleged withdrawal liability. *Allega Concrete*, 2014 WL 2598816, at *5 (citing *Chipman Trucking*, 866 F.2d at 902).

## CONCLUSION

For the above stated reasons, Plaintiffs' motion for summary judgment [21] is granted. Judgment is entered against Port Huron. Plaintiffs have until March 1, 2016 to submit to the Court documentation establishing the amount to which Plaintiffs claim they are entitled.

Dated: February 16, 2016

_____
SARA L. ELLIS
United States District Judge